IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BENJAMIN C. LOVETT, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil Action No. 16-6507 (JBS-AMD) |
| CAMDEN COUNTY JAIL, | |
| Defendant. | **OPINION** |

APPEARANCES:

Benjamin C. Lovett, Plaintiff Pro Se
175 Erial Road
Pine Hill, NJ 08021

**SIMANDLE, Chief District Judge:**

## I.    INTRODUCTION

Plaintiff Benjamin C. Lovett seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Camden County Jail ("CCJ"). Complaint, Docket Entry 1.

At this time, the Court must review the complaint, pursuant to 28 U.S.C. § 1915(e)(2), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court will dismiss the complaint with prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

## II.  BACKGROUND

Plaintiff alleges that he was confined in the CCJ in from 1998 to 1999 and from 2002-2005. Complaint § III. He states: "I was sleeping on the floor in the Camden County Jail." *Id.*

## III. STANDARD OF REVIEW

Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. The Court must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662,

2

678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 555 (2007)).

## IV. DISCUSSION

Plaintiff seeks monetary damages from CCJ for allegedly

unconstitutional conditions of confinement. Primarily, the

complaint must be dismissed as the CCJ is not a "state actor"

within the meaning of § 1983. *See Crawford v. McMillian*, 660 F.

App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity

subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v.

Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)). Accordingly, the

claims against CCJ must be dismissed with prejudice.

Generally, "plaintiffs who file complaints subject to

dismissal under [§ 1915] should receive leave to amend unless

amendment would be inequitable or futile." *Grayson v. Mayview

State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). This Court denies

leave to amend at this time as Plaintiff's complaint is barred

by the statute of limitations, which is governed by New Jersey's

two-year limitations period for personal injury.[1] *See Wilson v.

Garcia*, 471 U.S. 261, 276 (1985); *Dique v. N.J. State Police*,

---

[1] "Although the running of the statute of limitations is
ordinarily an affirmative defense, where that defense is obvious
from the face of the complaint and no development of the record
is necessary, a court may dismiss a time-barred complaint *sua
sponte* under § 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to
state a claim." *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 111–12
(3d Cir. 2013) (*per curiam*).

603 F.3d 181, 185 (3d Cir. 2010). The accrual date of a § 1983
action is determined by federal law, however. *Wallace v. Kato*,
549 U.S. 384, 388 (2007); *Montanez v. Sec'y Pa. Dep't of Corr.*,
773 F.3d 472, 480 (3d Cir. 2014).

"Under federal law, a cause of action accrues when the
plaintiff knew or should have known of the injury upon which the
action is based." *Montanez*, 773 F.3d at 480 (internal quotation
marks omitted). Plaintiff states he was detained at CCJ in from
1998 to 1999 and from 2002 to 2005. The allegedly
unconstitutional conditions of confinement at CCJ would have
been immediately apparent to Plaintiff at the time of his
detention; therefore, the statute of limitations for Plaintiff's
claims expired, at the latest, in 2001 and 2007, respectively.
As there are no grounds for equitable tolling of the statute of
limitations,[2] the complaint will be dismissed with prejudice.
*Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 112 (3d Cir. 2013)
(*per curiam*) (affirming dismissal with prejudice due to
expiration of statute of limitations).

---

[2] Equitable tolling "is only appropriate '(1) where the defendant
has actively misled the plaintiff respecting the plaintiff's
cause of action; (2) where the plaintiff in some extraordinary
way has been prevented from asserting his or her rights; or (3)
where the plaintiff has timely asserted his or her rights
mistakenly in the wrong forum.'" *Omar v. Blackman*, 590 F. App'x
162, 166 (3d Cir. 2014) (quoting *Santos ex rel. Beato v. United
States*, 559 F.3d 189, 197 (3d Cir. 2009)).

## V.  CONCLUSION

For the reasons stated above, the complaint is dismissed with prejudice for failure to state a claim.  An appropriate order follows.


**February 7, 2017**                                  **s/ Jerome B. Simandle**
Date                                                                    JEROME B. SIMANDLE
                                                                        Chief U.S. District Judge